**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ANDREW JAEGER and SLP ADVISORY, LLP,, <br><br> Plaintiffs, <br><br> vs. <br><br> ABIGAIL JAEGER, BRITTANY T. KALIHER, ANDREW PATTERSON and BEAM TECHNOLOGIES LLC, and JOHN AND JANE DOES 1-10, <br><br> Defendants, | Case No.  3:22-4615-SAL <br><br><br> **NOTICE OF REMOVAL** |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Abigail Jaeger, Brittany Kaliher, Beam Technologies, LLC, and Andrew Patterson (collectively, the "Removing Defendants"), by and through undersigned counsel, hereby jointly file this Notice of Removal removing the above-captioned action from the Court of Common Pleas for Lexington County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division.  In support of this Notice of Removal, Removing Defendants state as follows:

**BACKGROUND**

1.       On November 18, 2022, Plaintiffs Andrew Jaeger and SLP Advisory, LLP (collectively, "Plaintiffs") filed a complaint in the Court of Common Pleas for Lexington County, South Carolina, C.A. No. 2022-CP-32-03970 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a),

a copy of all process, pleadings, and orders, if any, received by the Removing Defendants, including the Summons and Complaint is attached hereto as **Exhibit A**.

2.      The Complaint alleges seven causes of action all centered around the same nucleus of operative facts – that defendants, including the Removing Defendants, wrongfully obtained and used confidential information in violation of various contracts, duties and federal law.

3.      According to Plaintiffs, Brittany Kaliher was served on or about November 21, 2022, and Abigail Jaeger, Andrew Patterson and Beam Technologies were served on or about November 22, 2022 (Affidavits of service are attached hereto within **Exhibit A**).

4.      Removing Defendants have not responded to the Complaint in state court. Removing Defendants' responsive pleading or motion is not due in this Court until December 28, 2022, pursuant to Federal Rule of Civil Procedure 81(c)(2)(C).

## TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which the Removing Defendants were served the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## VENUE

6.      The Court of Common Pleas for Lexington County is located in the District of South Carolina and its Columbia Division. Under 28 U.S.C. §§ 1441 and 1446, Removing Defendants may remove a state court civil action to the district court within which such action is pending. This Court embraces the County where the State Action being removed is pending. Therefore, the state court action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## BASIS OF REMOVAL

7.      Removal is proper pursuant to 28 U.S.C. § 1441 and 1331 because Plaintiffs' claims present a federal question and, under the provisions of 28 U.S.C. § 1331, district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8.      Whether a case arises under federal law for purposes of § 1331 is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Federal jurisdiction exists when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he party who brings the suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913).

9.      In this case, Plaintiff has elected to rely upon federal law.  Specifically, Count Six alleges a cause of action for violation of federal statute 18 U.S.C. § 2511.  Generally speaking, §2511 "prohibits a person from intercepting oral communications, and it prohibits a person from disclosing or using the contents of an oral communication despite knowing that the information was obtained through the interception of that communication." *Bickerstaff v. Bickerstaff*, No. 4:21-CV-51 (CDL), 2021 WL 3204486, at *2 (M.D. Ga. July 28, 2021)(citing 18 U.S.C. § 2511(1)). A private right of action, to the extent any exists, arises by operation of 18 U.S.C. § 2520(a). *Id.*

10.      Further, County Seven alleges a cause of action for violation of federal statute 18 U.S.C. § 2701. Again, generally speaking, §2701 prohibits unauthorized access to electronic communications service facilities to obtain, alter, or prevent authorized "access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701. A private right of action, to the extent any exists, arises by operation of 18 U.S.C. § 2707. *Bansal v. Microsoft Hotmail*, 267 F. App'x 184, 185 (3d Cir. 2008).

11.     Although plaintiffs are the masters of their complaints and may "avoid federal jurisdiction by exclusive reliance on state law," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), Plaintiffs allege violations of federal law as the basis for the counts above. Therefore, the Complaint clearly and facially reveals the existence of federal questions.

12.     It is not necessary to establish removal jurisdiction for all counts of Plaintiffs' Complaint to facially raise a federal question. "Nothing in the jurisdictional statutes suggest that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions within the federal courts' original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997). Because the Court has original jurisdiction over Counts Six and Seven, it has supplemental jurisdiction over Plaintiffs' remaining counts against Removing Defendants which are so related they form part of the same case or controversy. 28 U.S.C. 1367(a).

13.     The Complaint alleges causes of action for Civil Conspiracy, Breach of Contract (as to Defendant Kaliher), Breach of Fiduciary Duty, Breach of Contract (as to Defendant Beam), and Invasion of Privacy. However, all of these other causes of action arise out of a common nucleus of alleged operative facts such that the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367.  The Complaint makes clear the nexus of each other Count all relates to primarily the same wrong – an alleged effort by the defendants to wrongfully obtain and use confidential information in violation of various contracts and duties. Specifically, as to each other Count, the Complaint states:

      a. <u>Civil Conspiracy</u>. "Defendants combined for the purpose of injuring Jaeger by agreeing to work together to assist Abigail Jaeger in unlawfully and improperly obtaining personal and confidential information concerning Jaeger for the purpose

of assisting Abigail Jaeger in her contemplated divorce from Jaeger." Complaint, ¶55.

b. <u>Breach of Contract (as to Defendant Kaliher)</u>. "… Kaliher provided confidential information concerning Jaeger and SLP to Abigail Jaeger in violation of the confidentiality provisions of [alleged contracts]." Complaint, ¶65.

c. <u>Breach of Fiduciary Duty</u>. "Kaliher's failure and refusal to return and, upon information and belief, misuse her company-issued laptop, the company-issued cellular phone and office key as alleged herein constitute breaches of her fiduciary duty." Complaint, ¶74.

d. <u>Breach of Contract (as to Defendant Beam)</u>. "… Beam failed and refused to perform its obligations to preserve the confidentiality of SLP's confidential information by, among other actions as alleged herein, conspiring with the other Defendants to unlawfully collect and use personal and confidential information contained on SLP's computer systems against Jaeger in Abigail Jaeger's divorce proceeding against him." Complaint, ¶79.

e. <u>Invasion of Privacy</u>. "Defendants acts in unlawfully and improperly collecting and removing documents and information concerning Jaeger and SLP in facilitating and engaging in unlawful and improper video and audio surveillance of Jaeger and the other misconduct alleged herein, demonstrate a blatant and shocking disregard for Jaeger's rights, including, but not limited to his privacy rights." Complaint, ¶ 85.

14. All of Plaintiffs' claims require proof of the same facts necessary to prove violations of Counts Six and Seven. Accordingly, this Court has supplemental jurisdiction over the remaining counts presented in the Complaint.

## CONCLUSION

15.     Under 28 U.S.C. § 1446, all defendants that have been properly joined and served must join or consent to removal. All properly joined and served defendants join in this removal thereby satisfying §1446.

16.     Further, pursuant to 28 U.S.C. § 1446, Removing Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and service notice of the filing of this Notice of Removal on Plaintiffs' counsel.

17.     Removing Defendants file this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs.

18.     Removing Defendants reserve the right to amend or supplement this Notice.

**WHEREFORE**, Removing Defendants hereby remove this action, pending in the Court of Common Pleas, County of Lexington, as Civil Action No. 2022-CP-32-03970.

(*Signatures on next page*)

s/*John T. Lay*
John T. Lay, Jr. (Fed ID 5539)
Jordan M. Crapps (Fed ID 12418)
Gallivan, White & Boyd, P.A.
PO Box 7368
Columbia, SC 29202-7368
jlay@gwblawfirm.com
jcrapps@gwblawfirm.com
(803) 779-1833 Ofc

**Attorneys for Defendants**
**Abigail Jaeger and Brittany T. Kaliher**

December 21, 2022

s/*Julius W. Babb, IV*
Julius W. Babb, IV (Fed ID 10500)
Cromer Babb Porter & Hicks, LLC
P.O. Box 11675
Columbia, SC  29211
jay@cbphlaw.com
(803) 799-9530 – Tel

**Attorneys for Defendants**
**Beam Technologies, LLC and Andrew Patterson**

December 21, 2022