# EXHIBIT A

STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS

COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT

ANDREW JAEGER and SLP ADVISORY, LLP, | Case No. 2022-CP-_____

Plaintiffs,

vs. | **SUMMONS**

ABIGAIL JAEGER, BRITTANY T. KALIHER, ANDREW PATTERSON and BEAM TECHNOLOGIES LLC, and JOHN AND JANE DOES 1-10,

Defendants.

-------------------------------------------------------------

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Verified Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Verified Complaint on the undersigned subscribers at their offices, 1221 Main Street, Suite 1600, Columbia, SC 29201, within thirty (30) days after the service thereof, exclusive of the day of such service, if you fail to answer the Verified Complaint within the time aforesaid, judgment of default will be rendered against you for the relief demanded in the Verified Complaint.

This the 18th day of November, 2022.

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

/s/ Bryant S. Caldwell
Bryant S. Caldwell (S.C. Bar No. 102206)
*bryant.caldwell@wbd-us.com*
Kevin A. Hall (S.C. Bar No. 15063)
*kevin.hall@wbd-us.com*
M. Todd Carroll (S.C. Bar No. 74000)
*todd.carroll@wbd-us.com*
1221 Main Street, Suite 1600
Columbia, SC 29201
803.454.6504

Columbia, SC

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF LEXINGTON | ELEVENTH JUDICIAL CIRCUIT |
| ANDREW JAEGER and SLP ADVISORY, LLP, | |
| Plaintiffs, | Case No. 2022-CP-_____ |
| vs. | |
| ABIGAIL JAEGER, BRITTANY T. KALIHER, ANDREW PATTERSON and BEAM TECHNOLOGIES LLC, and JOHN AND JANE DOES 1-10, | **VERIFIED COMPLAINT** (Jury Trial Requested) |
| Defendants. | |

---------------------------------------------------------------

Plaintiffs Andrew Jaeger ("Jaeger") and SLP Advisory, LLP ("SLP") (collectively "Plaintiffs"), by and through their undersigned attorneys, complain of the Defendants Abigail Jaeger ("Abigail Jaeger"), Brittany T. Kaliher ("Kaliher"), Andrew Patterson ("Patterson"), Beam Technologies LLC ("Beam"), and John and Jane Does 1-10 (collectively, "Defendants"), and would respectfully show unto this Court as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Andrew Jaeger is a citizen and resident of Lexington County, South Carolina, and, at all times relevant to this Verified Complaint (the "Complaint"), was the owner of SLP, and until April 18, 2022, was the husband of defendant Abigail Jaeger and the brother-in-law of defendant Kaliher.

2.     At all times relevant hereto, Plaintiff SLP Advisory LLC was a limited liability company formed pursuant to the laws of the State of Delaware, authorized to do business in the State of South Carolina, with a principal place of business in Lexington County, South Carolina.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

3.      Upon information and belief, defendant Abigail Jaeger is a resident of Laurens County, South Carolina.  Abigail Jaeger is the sister of defendant Kaliher.

4.      Upon information and belief, defendant Brittany Kaliher is a resident of Lexington County, South Carolina.  Kaliher is the sister of defendant Abigail Jaeger

5.      Upon information and belief, defendant Andrew Patterson is a resident of Laurens County, South Carolina.  Upon information and belief, Patterson is the owner of defendant Beam.

6.      Upon information and belief, defendant Beam Technologies LLC is a limited liability company formed pursuant to the laws of the state of South Carolina with its principal place of business in Lexington County, South Carolina.

7.      Defendants John and Jane Does 1-10 are unknown persons who conspired with Abigail Jaeger, Kaliher,  Patterson and/or Beam in the misconduct alleged herein.

8.      Venue and Jurisdiction are proper in this Court.

## GENERAL ALLEGATIONS

9.      SLP is a financial advisory firm which at all relevant times provided investment services to its clients from its offices located at 3561 Dreher Shoals Road, Irmo, South Carolina.

10.     Jaeger was at all relevant times the owner, Chief Executive Officer and Chief Financial Officer.

11.     Until March 16, 2001, Kaliher was employed by SLP and was its Chief Operating Officer.

12.     As a financial advisory firm, SLP had in place strict confidentiality policies governing access to, and the use and dissemination of information concerning its finances and business operations.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

13.     As an employee and the Chief Operating Officer, Kaliher was bound by SLP's confidentiality and non-disclosure policies.

14.     For example, Kaliher agreed to be bound by the confidentiality policies set forth in SLP's Compliance Manual, which prohibited the use or distribution of information obtained as an employee of SLP for any purpose other than the business of SLP.

15.     Kaliher also agreed to be bound by SLP policies requiring that all company property, including laptop computers, company-issued cellular phones and office keys be returned immediately upon separation from employment.

16.     Unbeknownst to Jaeger, beginning in or about October 2020, Abigail Jaeger was contemplating filing for divorce from Jaeger.

17.     Upon information and belief, starting at or about that time, Kaliher and John and Jane Does began conspiring with Abigail Jaeger to unlawfully surveil Jaeger and to unlawfully obtain and use highly confidential information regarding Jaeger and SLP for use in connection with Abigail Jaeger's contemplated divorce proceeding against Jaeger.

18.     For example, in or about February 2021, Abigail Jaeger and/or Kaliher and/or John or Jane Does, including, upon information and belief, one or more private detectives, conspired to engage in surreptitious photographic, video and audio surveillance of Jaeger.

19.     Upon information and belief, this surveillance included, among other unconscionable means, the placement of video and/or audio surveillance equipment in the former marital home of Abigail Jaeger and Jaeger, in which Jaeger resided at the time.

20.     Upon information and belief, Abigail Jaeger and/or Kaliher and/or John or Jane Does placed audio and/or video surveillance equipment in, among other potential locations, smoke detectors installed at Jaeger's office and residence.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

21.     Upon information and belief, Abigail Jaeger and/or John or Jane Does thereafter removed those smoke detectors from Jaeger's residence to avoid detection.

22.     In the second half of 2020, SLP decided to replace its existing information technology ("IT") support services provider.

23.     In October 2020, Kaliher recommended to Jaeger that he consider using Paterson and Beam to replace SLP's existing IT support services provider.

24.     Kaliher was a lifelong friend of Patterson.

25.     Kaliher's family home was across the street from Patterson's family home, and their families were friends throughout the time Kaliher and Patterson were growing up.

26.     Patterson was also a lifelong friend of Abigail Jaeger.

27.     Upon information and belief, Kaliher recommended Patterson and Beam to Jaeger and SLP for the purpose of conspiring with Patterson, Beam and Abigail Jaeger to unlawfully collect and transmit confidential information concerning Jaeger and SLP to Abigail Jaeger to be used by Abigail Jaeger against Jaeger in the divorce proceeding Abigail Jaeger anticipated filing against Jaeger.

28.     As part of its engagement by SLP, Beam was provided with SLP's Compliance Manual, Business Continuity Plan and Code of Ethics, each of which emphasize the need to maintain strict confidentiality of all of SLP's business, financial and client information.

29.     Beam and Patterson agreed to maintain strict confidentiality of all of SLP's business, financial and client information.

30.     Beam and Patterson also agreed to protect SLP's confidential information and to implement systems and procedures to ensure its protection.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

31.    Based on these promises from Beam and Patterson, and in part based on the recommendation of Kaliher, Jaeger engaged Beam to provide IT support services, including security services, to SLP.

32.    However, upon information and belief, once Beam was engaged as SLP's IT support services provider, Beam and Patterson conspired with Kaliher, Abigail Jaeger and John and Jane Does to improperly and unlawfully surveil Jaeger and collect personal and confidential, highly sensitive, information concerning Jaeger and SLP.

33.    Upon information and belief, these efforts included, among other things, Kaliher, Patterson and Beam taking actions to improperly and unlawfully access, read, forward, and use Jaeger's e-mails.

34.    Upon information and belief, these efforts included, among other things, Kaliher forwarding or otherwise removing electronic documents of SLP and electronic documents concerning Jaeger from SLP's computer systems and, upon information and belief, providing those documents to Abigail Jaeger to use against Jaeger in her divorce proceeding against Jaeger.

35.    Patterson and Beam installed various software programs on Jaeger's electronic devices that allowed the devices to be accessed and activated and monitored remotely, including, upon information and belief, the devices' cameras and microphones.

36.    Upon information and belief, Defendants used the software installed on Jaeger's electronic devices to perform unlawful audio and video surveillance of Jaeger in an effort to obtain personal and confidential information concerning Jaeger for Abigail Jaeger to use in her divorce proceeding against Jaeger.

37.    Upon information and belief, Defendants also installed various audio and video surveillance devices in Jaeger's office and home and/or accessed various internet-connected

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

devices located in Jaeger's office and home and viewed and recorded audio and video of Jaeger through these processes.

38.     After Kaliher separated from SLP, she failed and refused to return her company laptop for approximately ten (10) days in violation of SLP policy and in defiance of Jaeger's and SLP's repeated requests that she immediately return the laptop.

39.     Although Jaeger requested that Patterson and Beam disable Kaliher's access to her SLP accounts and SLP systems immediately upon her separation, upon information and belief, Kaliher was able to, and did in fact, access SLP's computer systems containing confidential SLP information and personal and confidential information concerning, *inter alia*, Jaeger after she was terminated and Jaeger and Beam had told Jaeger her access had been revoked.

40.     This was a violation of SLP's company policies that Kaliher agreed to as a condition of employment and a violation of Kaliher's fiduciary duty to SLP.

41.     It also represented a breach of Beam's obligations to SLP and, upon information and belief, negligent or intentional misconduct by Patterson.

42.     As part of her employment, Kaliher was provided with a company-issued cellular phone for her individual use for SLP business.

43.     Prior to her termination, Kaliher claimed that the company cellular phone issued to her by SLP required repair, and she was allowed to use the office cellular phone.

44.     The office cellular phone was used for general office business and the phone number and voicemail account assigned to the office cellular phone were used by SLP clients to contact SLP and leave business-related voicemails.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

45.     After Kaliher separated from SLP, she failed and refused to return the company cellular phone for approximately ten (10) days in violation of SLP policy and in defiance of Jaeger's and SLP's repeated requests that she immediately return the cellular phone.

46.     This was a violation of SLP's company policies that Kaliher agreed to as a condition of employment and Kaliher's fiduciary duty to SLP.

47.     As a result of the extended delay by Kaliher in returning the office cellular phone, among other injuries, important business-related voicemails were not available to SLP staff for retrieval and response.

48.     As a result of the inability to respond to voicemails left on the office cellular phone, SLP's relationships with its clients were harmed, and one client terminated its engagement of SLP.

49.     Throughout the relevant time period that Defendants conspired to unlawfully and improperly collect personal and confidential information concerning SLP and Jaeger and provide that information to Abigail Jaeger to use against Jaeger in her divorce proceeding against Jaeger, Kaliher had unfettered access to SLP's offices, including possession of a key to the SLP offices.

50.     After Kaliher separated from SLP, she failed to return her office key for more than ten (10) days in violation of SLP policy and in defiance of Jaeger's and SLP's repeated requests that she immediately return the office key.

51.     Kaliher failed and refused to return the office key until a police report was filed against her.

52.     This was a violation of SLP's company policies that Kaliher agreed to as a condition of employment and Kaliher's fiduciary duty to SLP.

53.     Upon information and belief, discovery in this action will show whether Kaliher removed hard copies of SLP documents or other SLP property and/or provided improper access to

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

the SLP offices to others, including, but not limited to John and Jane Does, during the frequent periods that Jaeger was out of the office for extended periods due to business travel, including, but not limited to, the time period between her separation from SLP and her return of the SLP office key.

## FOR A FIRST CAUSE OF ACTION
### (Civil Conspiracy – All Defendants)

54.     Plaintiffs incorporate the allegations contained in each paragraph above as though fully set forth herein.

55.     Upon information and belief, beginning no later than November 2020, Defendants combined for the purpose of injuring Jaeger by agreeing to work together to assist Abigail Jaeger in unlawfully and improperly obtaining personal and confidential information concerning Jaeger for the purpose of assisting Abigail Jaeger in her contemplated divorce from Jaeger.

56.     After entering their agreement, one or more of Defendants undertook each of the acts complained of herein in furtherance of the conspiracy.

57.     Upon information and belief, Defendants' conduct continues today.

58.     As a result of the conduct by Defendants set forth herein in furtherance of the conspiracy, Jaeger has suffered special damages in an amount to be determined at trial.

59.     As a result of the above, Defendants should be enjoined from engaging in further unlawful conduct with respect to Jaeger.

60.     As a result of the above, each Defendant is jointly and severally liable to Jaeger for the damages caused by the conduct in furtherance of the conspiracy.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

## FOR A SECOND CAUSE OF ACTION
### (Breach Of Contract – Kaliher)

61.    Plaintiffs incorporate the allegations contained in each paragraph above as though fully set forth herein.

62.    Upon commencing employment at SLP and continually thereafter, Kaliher agreed, in writing, to comply with the confidentiality and non-disclosure and other provisions of SLP's Business Continuity Plan, Compliance Manual and Code of Ethics.

63.    The confidentiality obligations imposed by these documents prohibit the use of information concerning SLP and its owners, officers, employees and clients for purposes not related to the business of SLP.

64.    The confidentiality provisions of those documents constituted contractual obligations of Kaliher to SLP.

65.    Upon information and belief, beginning no later than January 2021, Kaliher provided confidential information concerning Jaeger and SLP to Abigail Jaeger in violation of the confidentiality provisions of the Business Continuity Plan, Compliance Manual and Code of Ethics.

66.    Kaliher's disclosure of SLP's confidential information constitutes a breach of her contractual obligations.

67.    The SLP policies set forth in the Business Continuity Plan, Compliance Manual and Code of Ethics also required employees to return all company property immediately upon termination of their employment.

68.    After her termination Kaliher failed and refused to return her company laptop computer, the company cellular phone and her office key for approximately ten (10) days after her termination despite repeated demands from SLP that she return them.

9

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

69.     Upon information and belief, Kaliher violated the SLP policies with regard to her company laptop computer, the office cellular phone and her office key in furtherance of Defendants' unlawful conduct as described herein between the time of her termination and her return of these items approximately ten (10) days after her termination.

70.     Because Kaliher conspired with, at a minimum, Abigail Jaeger in connection with the acts and actions giving rise to this cause of action, and because the acts giving rise to this cause of action were taken in furtherance of the overall conspiracy, all Defendants are jointly and severally liable for the damages caused by those actions.

71.     As a result of the foregoing, Plaintiff SLP is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined at trial, together with interest on the same and such other relief as the Court deems just and proper.

### FOR A THIRD CAUSE OF ACTION
**(Breach of Fiduciary Duty (Duty of Loyalty) – Kaliher)**

72.     Plaintiffs incorporate the allegations contained in each paragraph above as though fully set forth herein.

73.     As a result of her employment by SLP, Kaliher owed fiduciary duties to SLP, including the duty of loyalty and the duty of confidentiality.

74.     Kaliher's failure and refusal to return and, upon information and belief, misuse her company-issued laptop, the company-issued cellular phone and office key as alleged herein constitute breaches of her fiduciary duty to SLP.

75.     Because all defendants conspired in connection with the acts and actions giving rise to this cause of action, all Defendants are jointly and severally liable for the damages caused by those actions.

10

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

76.     As a result of the foregoing, Plaintiff SLP is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined at trial, including, but not limited to, the amount of all compensation, including salary, benefits and bonus payments made to Kaliher by SLP beginning no later than November 2020 when, upon information and belief, her breaches of fiduciary duty began, together with interest on the same and such other relief as the Court deems just and proper.

### FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract – Beam)**

77.     Plaintiffs incorporate the allegations contained in each paragraph above as though fully set forth herein.

78.     Based on the agreements between SLP and Beam when Beam was retained to provide IT support services and security services to SLP, Beam was contractually required to maintain the confidentiality of personal and confidential information contained on SLP's computer systems.

79.     Beam failed and refused to perform its obligations to preserve the confidentiality of SLP's confidential information by, among other actions as alleged herein, conspiring with the other Defendants to unlawfully collect and use personal and confidential information contained on SLP's computer systems against Jaeger in Abigail Jaeger's divorce proceeding against him.

80.     Beam failed and refused to perform its obligations to preserve the confidentiality of SLP's confidential information by, among other actions as alleged herein, failing to terminate Kaliher's access to her SLP accounts and to SLP's computer networks immediately upon her separation from SLP.

81.     Beam failed and refused to perform its obligations to preserve the confidentiality of SLP's confidential information by, among other actions as alleged herein, surreptitiously

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

installing software on SLP's and Jaeger's computers and other internet-connected devices to permit audio and video surveillance of Jaeger and SLP.

82.     Because all defendants conspired in connection with the acts and actions giving rise to this cause of action, all Defendants are jointly and severally liable for the damages caused by those actions.

83.     As a result of the foregoing, Plaintiff SLP is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined at trial, including but not limited to, all amounts paid to Beam by SLP, together with interest on the same and such other relief as the Court deems just and proper.

### FOR A FIFTH CAUSE OF ACTION
**(Invasion of Privacy – All Defendants)**

84.     Plaintiffs incorporate the allegations contained in each of the paragraphs above as though fully set forth herein.

85.     Defendants' acts in unlawfully and improperly collecting and removing documents and information concerning Jaeger and SLP, in facilitating and engaging in unlawful and improper video and audio surveillance of Jaeger and the other misconduct alleged herein, demonstrate a blatant and shocking disregard for Jaeger's rights, including, but not limited to his privacy rights.

86.     Upon information and belief, Defendants' conduct continues today.

87.     Because all defendants conspired in connection with the acts and actions giving rise to this cause of action, all Defendants are jointly and severally liable for the damages caused by those actions.

88.     As a result of the foregoing, Plaintiff Jaeger is entitled to a judgment against Defendants, jointly and severally, in an amount to be determined at trial, together with interest on the same and such other relief as the Court deems just and proper.

12

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

**FOR A SIXTH CAUSE OF ACTION**
**(Violation of 18 U.S.C. § 2511 *et. seq.* – All Defendants)**

89.     Plaintiffs incorporate the allegations contained in each paragraph above as though fully set forth herein.

90.     Upon information and belief, in engaging in the conduct described herein, Defendants intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, wire, oral, or electronic communications.

91.     Upon information and belief, in engaging in the conduct described herein, Defendants intentionally used, endeavored to use, or procured other persons to use or endeavor to use electronic, mechanical, or other devices to intercept oral communication and such use or endeavor to use took place on the premises of a business or other commercial establishment the operations of which affect interstate or foreign commerce.

92.     Upon information and belief, in engaging in the conduct described herein, Defendants intentionally disclosed, or endeavored to disclose, to other persons the contents of wire, oral and/or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1).

93.     Upon information and belief, in engaging in the conduct described herein, Defendants intentionally used, or endeavored to use, the contents of wire, oral and/or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511(1).

94.     Upon information and belief, Defendants' conduct continues today.

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

95.    Because all defendants conspired in connection with the acts and actions giving rise to this cause of action, all Defendants are jointly and severally liable for the damages caused by those actions.

96.    As a result of the foregoing, Plaintiffs are entitled to a judgment against Defendants, jointly and severally, in an amount to be determined at trial, including, but not limited to punitive damages and reasonable attorney's fee and other litigation costs, together with interest on the same and such other relief as the Court deems just and proper.

### FOR A SIXTH CAUSE OF ACTION
**(Violation of 18 U.S.C. § 2701 *et. seq.* – All Defendants)**

97.    Plaintiffs incorporate the allegations contained in each paragraph above as though fully set forth herein.

98.    Upon information and belief, in engaging in the conduct described herein, Defendants intentionally accessed without authorization a facility through which an electronic communication service is provided, or intentionally exceeded an authorization to access that facility, and thereby obtained, altered, or prevented authorized access to a wire or electronic communication while it was in electronic storage in such system.

99.    Upon information and belief, Defendants' conduct continues today.

100.    Because all defendants conspired in connection with the acts and actions giving rise to this cause of action, all Defendants are jointly and severally liable for the damages caused by those actions.

101.    As a result of the foregoing, Plaintiffs are entitled to a judgment against Defendants, jointly and severally, in an amount to be determined at trial, punitive damages in an amount to be determined at trial, together with interest on the same and such other relief as the Court deems just and proper.

14

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

**WHEREFORE**, the Plaintiff demands that the Court:

(1)     Enter judgment against all Defendants, jointly and severally for actual damages in an amount to be determined at trial;

(2)     Enter judgment against all Defendants, jointly and severally, for punitive damages in an amount to be determined at trial;

(3)     Enter judgment against all Defendants, jointly and severally, for the amount of Plaintiffs' costs and attorneys' fees in an amount to be determined at trial;

(4)     Enjoin all Defendant from engaging in further unlawful conduct with respect to Jaeger; and

(5)     Award Plaintiffs such other and further relief that the Court deems just and proper.

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

/s/ Bryant S. Caldwell
Bryant S. Caldwell (S.C. Bar No. 102206)
*bryant.caldwell@wbd-us.com*
Kevin A. Hall (S.C. Bar No. 15063)
*kevin.hall@wbd-us.com*
M. Todd Carroll (S.C. Bar No. 74000)
*todd.carroll@wbd-us.com*
1221 Main Street, Suite 1600
Columbia, SC 29201
803.454.6504

*Attorneys for Plaintiffs*

COLUMBIA, SC
November 18, 2022

ELECTRONICALLY FILED - 2022 Nov 18 2:46 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

STATE OF SOUTH CAROLINA

COUNTY OF LEXINGTON

ANDREW JAEGER and SLP ADVISORY, LLP,

Plaintiffs,

vs.

ABIGAIL JAEGER, BRITTANY T. KALIHER, ANDREW
PATTERSON and BEAM TECHNOLOGIES LLC, and JOHN
AND JANE DOES 1-10,

Defendants.

---------------------------------------------------------------------------

| IN THE COURT OF COMMON PLEAS
|   ELEVENTH JUDICIAL CIRCUIT
|
|   Case No. 2022-CP-_____
|
|
|
|   **VERIFICATION**
|
|
|
|
|
|

Andrew Jaeger, being duly sworn, deposes and says:
1. I am a plaintiff is this action and the authorized agent of SLP Advisory LLP, also a
   plaintiff in this action.
2. I have read the Verified Complaint in the above-captioned action and know the
   contents thereof, and the same are true to my own knowledge, except as to those
   matters alleged therein upon information and belief, and, as to those matters, I
   believe them to be true.

_____
                                    Andrew Jaeger

State of _____SC_____

County of _____LEXINGTON_____

I, the undersigned Notary Public, do hereby certify that the foregoing instrument was acknowledged
before me this __18__ day of __NOVEMBER__, 2022, and the document was executed by **Andrew
Jaeger** of his own free will.

Witness my hand and seal this __18__ day of __Nov__, 2022.

_____
Notary Public for _____SC_____
Commission expires: __12/10/29__

ELECTRONICALLY FILED - 2022 Dec 08 3:00 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

# AFFIDAVIT OF SERVICE

**State of South Carolina**                    **County of Lexington**                    **Common Pleas Court**

Case Number: 2022-CP-32-03970

Plaintiff:
**Andrew Jaeger and SLP Advisory, LLP**

vs.

Defendant:
**Abigail Jaeger, et al.**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Brittany Kaliher, 1308 Redwood Drive, West Columbia, SC 29169**.

I, Jeremy DiCarmine, being duly sworn, depose and say that on the **21st day of November, 2022 at 7:45 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **SUMMONS, VERIFIED COMPLAINT and VERIFICATION** to: **Brittany Kaliher** at the address of: **1308 Redwood Drive, West Columbia, SC 29169**, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

**Marital Status:** Based upon inquiry of party served, Defendant is married.

**Description** of Person Served: Age: 33, Sex: F, Race/Skin Color: White, Height: 5'2", Weight: 145, Hair: Dark Brown, Glasses: N

Is the place of service the dwelling / usual place of abode for the party served? (X) Yes  (  ) No  (  ) Unknown

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 22nd day
of November, 2022 by the affiant who is
personally known to me.

NOTARY PUBLIC
My Commission Expires: _____

Bradleigh Ewing
NOTARY PUBLIC
State of South Carolina
My Commission Expires 8/4/2031

**Jeremy DiCarmine**
Process Server

**FALCON EXPRESS SERVICES, LLC**
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: FES-2022007226

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

ELECTRONICALLY FILED - 2022 Dec 08 3:00 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

## AFFIDAVIT OF SERVICE

**State of South Carolina**                    **County of Lexington**                    **Common Pleas Court**

Case Number: 2022-CP-32-03970

Plaintiff:
**Andrew Jaeger and SLP Advisory, LLP**
vs.
Defendant:
**Abigail Jaeger, et al.**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Abigail Jaeger, 406 W. Maple Street, Clinton, SC 29325.** I, ꞊JennIfer COvell꞊, being duly sworn, depose and say that on the ꞊25꞊ day of ꞊Nov꞊, 20꞊22꞊ at ꞊5:35꞊ pm., executed service by delivering a true copy of the **SUMMONS, VERIFIED COMPLAINT and VERIFICATION** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____, who resides therein and is of suitable age and discretion.

( ) NON SERVICE: For the reason detailed in the Comments below.

( ) OTHER SERVICE TYPE: Service details listed in Comments below.

Military Status: ( ) Yes or (X) No   If yes, what branch? _____

**COMMENTS:**_____
_____
_____
_____

Age ꞊25꞊ Sex M(F) Race ꞊Wh.꞊ Height ꞊5'4꞊ Weight ꞊100꞊ Hair ꞊Aub.꞊ Glasses Y(N)

Is the place of service the dwelling house or usual place of abode for the party being served? (X) Yes ( ) No

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_____

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**FALCON EXPRESS SERVICES, LLC**
**P.O. Box 874**
**Charleston, SC 29402-0874**
**(843) 577-9696**

Our Job Serial Number: 2022007227

Subscribed and Sworn to before me on the ꞊25꞊ day of ꞊November 2022꞊ by the affiant who is personally known to me.

_____
NOTARY PUBLIC
My Commission Expires: ꞊November 17, 2030꞊



Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

ELECTRONICALLY FILED - 2022 Dec 08 3:00 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

## AFFIDAVIT OF SERVICE

State of South Carolina                County of Lexington                Common Pleas Court

Case Number: 2022-CP-32-03970

Plaintiff:
**Andrew Jaeger and SLP Advisory, LLP**
vs.
Defendant:
**Abigail Jaeger, et al.**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Andrew Patterson, 107 Pinehurst Dr, Clinton, SC 29325.** I, _____, being duly sworn, depose and say that on the ____ day of _____, 20__ at ____ p.m., executed service by delivering a true copy of the **SUMMONS, VERIFIED COMPLAINT and VERIFICATION** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as _____, who resides therein and is of suitable age and discretion.

( ) NON SERVICE: For the reason detailed in the Comments below.

( ) OTHER SERVICE TYPE: Service details listed in Comments below.

Military Status: ( ) Yes or (X) No   If yes, what branch? _____

**COMMENTS:** _____
_____
_____
_____

Age ____  Sex (M) F  Race ____  Height ____  Weight ____  Hair ____  Glasses Y (N)

Is the place of service the dwelling house or usual place of abode for the party being served? (X) Yes  ( ) No

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ____ day of _____ ____ by the affiant who is personally known to me.

_____
NOTARY PUBLIC
My Commission Expires: November 17, 2030



PROCESS SERVER # _____
Appointed in accordance with State Statutes

**FALCON EXPRESS SERVICES, LLC**
**P.O. Box 874**
**Charleston, SC 29402-0874**
**(843) 577-9696**

Our Job Serial Number: 2022007228

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

ELECTRONICALLY FILED - 2022 Dec 08 3:00 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

## AFFIDAVIT OF SERVICE

State of South Carolina                County of Lexington                Common Pleas Court

Case Number: 2022-CP-32-03970

Plaintiff:
**Andrew Jaeger and SLP Advisory, LLP**
vs.
Defendant:
**Abigail Jaeger, et al.**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Beam Technologies LLC, 107 Pinehurst Dr, Clinton, SC 29325.** I, _Jennifer Lovell_, being duly sworn, depose and say that on the _22_ day of _Nov._, _2022_ at _5:15_ p.m., executed service by delivering a true copy of the **SUMMONS, VERIFIED COMPLAINT and VERIFICATION** in accordance with state statutes in the manner marked below:

(X) CORPORATE SERVICE: By serving _Andrew (Drew) Patterson_ as _Registered Agent._.

( ) GOVERNMENT AGENCY: By serving _____ as _____ of the within named agency.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

Age _40_ Sex (M) F  Race _Wh._  Height _6'2_  Weight _220_  Hair _Red._  Glasses Y (N)

Is the place of service the dwelling house or usual place of abode for the party being served? (X) Yes  ( ) No

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _22_ day of _November_, _2022_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC
My Commission Expires: _November 17, 2030_

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**FALCON EXPRESS SERVICES, LLC**
P.O. Box 874
Charleston, SC 29402-0874
(843) 577-9696

Our Job Serial Number: 2022007229

Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2k

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Matthew Carroll** - Notification transmitted on 12-08-2022 03:11:30 PM. |
| **Kevin Hall** - Notification transmitted on 12-08-2022 03:09:29 PM. |
| **Bryant Caldwell** - Notification transmitted on 12-08-2022 03:08:13 PM. |

ELECTRONICALLY FILED - 2022 Dec 08 3:23 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2022CP3203970

**Official File Stamp:**                    12-08-2022 03:00:23 PM

**Court:**                                         CIRCUIT COURT

                                                       Common Pleas

                                                       Lexington

**Case Caption:**                            Andrew Jaeger , plaintiff, et al VS Abigail Jaeger ,
                                                       defendant, et al

**Document(s) Submitted:**              Service/Affidavit Of Service

                                                       Service/Affidavit Of Service

                                                       Service/Affidavit Of Service

                                                       Service/Affidavit Of Service

**Filed by or on behalf of:**              Bryant Sparks Caldwell

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                                       Matthew Todd Carroll for Andrew Jaeger et al

                                                       Kevin A. Hall for Andrew Jaeger et al

                                                       Bryant Sparks Caldwell for Andrew Jaeger et al

**The following people have not been served electronically by the Court. Therefore, they must
be served by traditional means:**

                                                       Brittany T. Kaliher

                                                       Andrew Patterson

                                                       Beam Technologies, Llc

                                                       Abigail Jaeger

ELECTRONICALLY FILED - 2022 Dec 08 3:23 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

ELECTRONICALLY FILED - 2022 Dec 20 4:11 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **COURT OF COMMON PLEAS** |
| **COUNTY OF LEXINGTON** | ) | **C.A. NO.: 2022-CP-32-03970** |
| | ) | |
| **ANDREW JAEGER AND SLP ADVISORY, LLP,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | **MOTION FOR SUBSTITUTION OF** |
| | ) | **COUNSEL** |
| **v.** | ) | |
| | ) | |
| **ABIGAIL JAEGER, BRITTANY T. KALIHER,** | ) | |
| **ANDREW PATTERSON AND BEAM** | ) | |
| **TECHNOLOGIES LLC, AND JOHN AND JANE** | ) | |
| **DOES 1-10,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| _____ | ) | |

Plaintiffs, Andrew Jaeger and SLP Advisory, LLP, by and through the undersigned

counsel, hereby move the Court pursuant to Rule 11(b) of the South Carolina Rules of Civil

Procedure for an order, in the form of the attached Proposed Order or otherwise,

substituting Steve A. Matthews of Haynsworth Sinkler Boyd, P.A. as counsel for Plaintiffs,

in the place of Bryant S. Caldwell, Kevin A. Hall, and M. Todd Carroll, each of Womble

Bond Dickinson (US) LLP. This motion is supported by the following:

1. SCRCivP Rule 11(b) allows an attorney to be changed upon cause shown.

2. Prior counsel and new counsel jointly make this motion and consent.

3. This case has just been initiated, and there has been no action taken in the case by any party other than filing and service of the complaint.

4. No defendant has yet appeared in this case.

5. Consequently, there will be no prejudice, disruption, or additional cost to any party to this action.

**COMPLIANCE WITH SCRCivP RULE 11(A) REGARDING CONSULTATION ON MOTIONS**

While no defendant has yet appeared in this case, Plaintiffs' undersigned counsel

certify that they have consulted regarding this motion with counsel for those defendants

ELECTRONICALLY FILED - 2022 Dec 20 4:11 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

known to have counsel (Abigail Jaeger and Brittany T. Kaliher), and counsel for those defendants has consented to the substitution. As to the other defendants, their counsel is not known at this time, and consultation on this motion therefore could not be timely held.

December 20, 2022

WE MOVE AND CONSENT:

HAYNSWORTH SINKLER BOYD, P.A.

By:  s/Steve A. Matthews
        Steve A. Matthews (SC Bar 3689)
1201 Main Street  (29201-3226)
P.O. Box 11889  (29211-1889)
Columbia, South Carolina
803.540.7827
smatthews@hsblawfirm.com

WOMBLE BOND DICKINSON (US) LLP

By:  s/Kevin A. Hall
        Kevin A. Hall
        kevin.hall@wbd-us.com
        Bryant S. Caldwell (SC Bar 102206)
        bryant.caldwell@wbd-us.com
        M. Todd Carroll
        todd.carroll@wbd-us.com
1221 Main Street, Suite 1600
Columbia, South Carolina 29201
803.454.6504

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Matthew Carroll**  - Notification transmitted on 12-20-2022 04:14:10 PM. |
| **Kevin Hall**  - Notification transmitted on 12-20-2022 04:14:09 PM. |
| **Bryant Caldwell**  - Notification transmitted on 12-20-2022 04:14:09 PM. |

ELECTRONICALLY FILED - 2022 Dec 20 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970

****** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:** 2022CP3203970

**Official File Stamp:**               12-20-2022 04:11:02 PM

**Court:**                             CIRCUIT COURT

                                       Common Pleas

                                       Lexington

**Case Caption:**                      Andrew Jaeger , plaintiff, et al VS Abigail Jaeger , defendant, et al

**Event(s):**

Notice/Notice of Appearance

**Document(s) Submitted:**             Motion/Substitution of Counsel

                                       Proposed Order/Substitution Of Counsel

**Filed by or on behalf of:**          Steve A. Matthews

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

                                       Matthew Todd Carroll for Andrew Jaeger et al

                                       Kevin A. Hall for Andrew Jaeger et al

                                       Bryant Sparks Caldwell for Andrew Jaeger et al

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                       Brittany T. Kaliher

                                       Andrew Patterson

                                       Beam Technologies, Llc

                                       Abigail Jaeger

ELECTRONICALLY FILED - 2022 Dec 20 4:17 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3203970